**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0388, <u>John E. LaFratta v. Office of Public Guardian</u>, the court on March 27, 2017, issued the following order:**

Having considered brief filed by the plaintiff, John E. LaFratta, the memorandum of law filed by the Office of Public Guardian (OPG), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals the order of the Superior Court (<u>Nicolosi</u>, J.), which dismissed his complaint. We affirm.

On July 21, 2016, the plaintiff filed an <u>ex parte</u> complaint against the OPG. He alleged that the OPG was "assigned to collect [his] SSDI and pay [his] bills on time and in full" and that the OPG had failed to do so, causing his home to be foreclosed upon. Based upon those allegations, the plaintiff requested that the court stay his eviction, "schedule a hearing/Law Suite" against the OPG, and award him $500,000 in damages.

The trial court dismissed the plaintiff's <u>ex parte</u> complaint. In its order, the court explained that the OPG had "no control over the foreclosure process" and that the plaintiff had not alleged "any facts or law that would warrant the issuance of an injunction against the mortgagee or its servicer."

In his notice of appeal, the plaintiff questions whether this court "can . . . overrule the superior court decision." He also requests that we issue an emergency stay of his eviction and "grant a hearing date for a law suit" against the OPG because, he alleges, they failed to pay his mortgage and caused a foreclosure.

In its memorandum of law, the OPG argues that this court has both statutory and constitutional authority to reverse a superior court decision. <u>See</u> RSA 490:4 (2010); <u>see also</u> N.H. CONST. pt. II, art. 4. The OPG further argues that the relief that the plaintiff seeks (specifically, a hearing for a lawsuit against OPG) is now moot because, in November 2016, while this appeal was pending, the plaintiff sued OPG for having failed to pay his mortgage and for causing his home to be foreclosed upon. His November 2016 complaint has since been dismissed. In its order dismissing the plaintiff's November 2016 complaint, the trial court credited OPG's assertion that, although OPG had been appointed by the federal Social Security Administration to be the "representative payee" of the plaintiff's social security disability payments, the OPG has never served as guardian either of the plaintiff's person or of his

estate and, thus, had no legal authority to present or otherwise assist him in the pending foreclosure.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**